UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In re: | ) | Cause No. 18-14095-TWD |
| | ) | |
| GLOBAL BARISTAS US, LLC | ) | OSBORN MACHLER'S MOTION |
| | ) | FOR RELIEF FROM STAY |
| | ) | |

## I. RELIEF REQUESTED

Osborn Machler requests an order for relief from stay in the matter before the Washington Court of Appeals, Division I, No. 78664-4-I, which relates to a contempt order against attorney David Nold.

## II. FACTS

The matter relating to David Nold's contempt of the King County Superior Court is now in its third jurisdiction and fourth legal proceeding. What began as Global Baristas' motion for contempt of the Superior Court's protective order continued to an interpleader action, an appeal, and now, an involuntary bankruptcy petition. In order for this Court to understand Nold's use of the justice system for his personal gain, the pertinent facts related to each jurisdiction are set forth below.

<u>King County Superior Court</u>: Attorney David Nold represented Bellevue Square, LLC, in an action for breach of a lease by Global Baristas US, LLC, King County Superior Court No.

15-2-27043-5 SEA. B Squared, which is a construction company for tenant improvements, was also a party. Three judgments were obtained against Global Baristas: a judgment for damages in favor of Bellevue Square, a judgment for damages in favor of B Squared, and a judgment based on an order granting sanctions against Global Baristas. All three judgments were appealed to the Washington Court of Appeals, Number 76666-4-I. This appeal has been stayed by this bankruptcy.

David Nold represented both Bellevue Square and B Squared Construction, Inc., on the collection of the judgments against Global Baristas US, LLC, in supplemental proceedings The Bellevue Square and B Squared judgments for damages were paid in full in December, 2017, even though the case is on appeal, Court of Appeals, Division I, No. 76666-0-I. Global Baristas deposited sufficient funds in the registry of the court to secure the appeal of the third, sanctions judgment. Since December, 2017, there has been nothing more to collect on these judgments. See Declaration of Susan Machler.

During supplemental proceedings, two depositions were taken of Michael Avenatti, who appeared as representative of Global Baristas. These depositions took place on July 21, 2017, and August 25, 2017. Due to the abusive conduct of David Nold during the supplemental proceeding, Global Baristas US, LLC, filed its Motion to Appoint Referee and for Protective Order, requesting that David Nold and his client be prohibited from disclosing any information obtained in the supplemental proceedings for any purpose other than collecting the judgments. See Declaration of Susan Machler, Exh. 1.

At the August 25, 2017, hearing on the motion, David Nold interrupted the Court and insisted that the order prohibiting disclosure of the information obtained in the supplement proceeding was not necessary, stating he would never use the information for another purpose.

Machler Decl., Exh. 2. On September 6, 2017, the Court signed the order prohibiting use of the information for any other purpose exactly one year after the trial court in the underlying case awarded fees to Global Baristas US for Nold's repeated misconduct throughout discovery. By December, 2017, Global Baristas had paid Nold's clients in full.

On March 16, 2018, Simeon J. Osborn, one of Global Baristas' attorneys, was approached by a reporter from the Puget Sound Business Journal. She asked whether he was a part owner of Tully's. When he asked about her source of information, she eventually disclosed that she obtained the July 21 deposition from "the lawyer representing the landlord in that case." On Saturday, April 7, 2018, the Seattle Times posted a story about Michael Avenatti, which specifically referenced the July 21, 2017, deposition of Michael Avenatti that was taken as part of the supplemental proceedings.

The Superior Court found David Nold in contempt, ordered Nold to disgorge documents and depositions, and ordered Nold to pay Global Baristas' attorneys' fees. Machler Decl., Exh. 3. A separate order awarding fees was granted on May 21, 2018, ordering David Nold to personally pay the awarded fees and deliver the funds directly to Osborn Machler within 30 days of the order. Machler Decl., Exh. 4.

Instead of delivering the funds to Osborn Machler as ordered, Nold placed the funds in the registry of the court, just days before his deadline for delivering the funds to Osborn Machler. On Monday, June 18, 2918, Nold emailed Osborn Machler stating he was personally served with a Writ of Garnishment allegedly for funds owed by Global Baristas US, LLC, to Elizabeth Eno, who has a judgment against Global Baristas. Machler Decl., Exh. 5. Nold declared that the writ prevented him from making payment under the fees order, and then, he filed an interpleader, King County Cause No. 18-2-15192-9, naming Global Baristas and Elizabeth Eno. Interestingly,

Elizabeth Eno has never attempted to obtain the funds, and now, she is one of the parties filing this involuntary bankruptcy.

Osborn Machler filed a motion to have itself named the judgment creditor. Machler Decl., Exh. 6. The court denied this motion, but it entered judgment against Nold with Global Baristas US, LLC, as judgment creditor. Machler Decl. Exh. 7. Global Baristas assigned the judgment to Osborn Machler. Machler Decl. Exh. 8.

**Washington Court of Appeals**. In September, 2018, Nold filed a Notice of Appeal, one of several, with respect to the contempt order and related orders, which is Court of Appeals, Division I, No. 78664-4-I. Osborn Machler moved to determine the sufficiency of the cash supersedeas for the appeal. Nold claimed that the funds subject the interpleader were sufficient. However, the trial court ordered that Nold had not stayed the judgment against him with the interpled funds. Machler Decl., Exh. 9.

Meanwhile in the Court of Appeals, Cause Number 76666-4-I, a company called Benenson Bellevue II, L.P. joined with Nold's client, Bellevue Square, to dismiss the appeal. Benenson claimed to own Global's interest in the underlying lawsuit by way of a writ of execution that was obtained on April 13, 2018, and the sale completed on June 6, 2018. The Court of Appeals indicated that a motion to substitute parties under RAP 3.2 was the appropriate vehicle. The motion was filed along with a declaration describing the writ of execution, Benenson's claims, and the deal Benenson made with Nold's client. Machler Decl., Exh. 10. The Court of Appeals has not ruled on the motion, and that appeal, of course, is now stayed.

In Court of Appeals Cause Number 78664-4-I, Nold's own appeal, he asked for and was granted an extension of time to file his brief to December 20, 2018. Osborn Machler filed a motion in the Court of Appeals to substitute Osborn Machler for Global Baristas with respect to

the judgment against Nold for the attorneys' fees, because Osborn Machler has been assigned the judgment. Nold failed to answer the motion, causing the Court of Appeals to set a deadline for his answer. Machler Decl. Exh. 11. An involuntary bankruptcy was filed by Benenson and Elizabeth Eno just before Nold's answer to the motion was due, and Nold responded to the motion to substitute by announcing the involuntary bankruptcy. Machler Decl., Exh. 12. He then filed a Notice of Bankruptcy in both appellate cases. Machler Decl. Exh. 13.

**Bankruptcy Court**. Nold is not a party to the bankruptcy. He has no client who is a creditor of Global Baristas US, LLC. He has filed a stay in the appellate matter that involves only his personal contempt matter and his personal funds the Superior Court ordered him to pay. These funds were earned by Osborn Machler in the contempt matter and awarded by the Superior Court. Global Baristas US, LLC, assigned its judgment to Osborn Machler. Now, Osborn Machler is asking this Court to lift the stay with respect to Court of Appeals Cause Number 78664-4-I. This appeal pertains only to Nold's contempt of the Superior Court's order and the attorneys' fees and costs awarded for Osborn Machler's work.

### III. EVIDENCE RELIED UPON

This motion is based upon the papers and pleadings in this case and the Declaration of Susan Machler and exhibits attached hereto.

### IV. STATEMENT OF REASONS IN SUPPORT

The Court should lift the bankruptcy stay as to the appeal of the contempt order, Court of Appeals Cause Number 78664-4-I, against David Nold for four reasons.

1. The appeal of the contempt order it not an action against the debtor, as described in Title 11 U.S.C. § 362(a).

2. The debtor, Global Baristas US, LLC, has no equity in the judgment against

David Nold, since the judgment has been assigned to Osborn Machler.

3. Civil contempt actions are not stayed by Title 11 U.S.C. § 362(a).

4. For cause pursuant to 11 U.S.C. § 362(d)(1), because of lack of adequate protection of Osborn Machler's interest in the attorneys' fees judgment, which is the property of Osborn Machler, but the stay in the Court of Appeals prevents Osborn Machler from collecting the judgment.

5. 11 U.S.C. § 105 requires that no provision of the bankruptcy code may be construed to prevent the Court from preventing abuse of process.

## V. MEMORANDUM OF POINTS AND AUTHORITIES

**A. Actions Related To The Contempt Order Against Nold Are Not Actions "Against The Debtor"**

Title 11 U.S.C. § 362(a) imposes a stay on "actions against the debtor." In this matter, Global Baristas US, LLC, is the debtor in an involuntary bankruptcy. Osborn Machler, an interested party, seeks an order lifting the stay in the appeal, Court of Appeals Cause Number 78664-4-I, of the contempt order and order granting attorneys' fees against attorney David Nold. Neither he nor his clients are parties in this bankruptcy action, because Nold's clients were paid in full as of December, 2017. The Superior Court made a finding that all judgments owing to Nold's clients were paid by December, 2017. Because the appeal of the contempt order and associated order awarding attorneys' fees and cost are not actions against the debtor, the Court should grant the order lifting the stay for that appeal.

Further, courts have long held that the automatic stay does not protect non-debtors. *In re Kash & Karry Wholesale, Inc.*, 28 B.R. 66 (Banr. D.S.C. 1982); *Pitts v. Unarco Indus., Inc.*, 698 F.2d 313 (7th Cir. 1983); *In re Johns-Manville Corp.*, 99 Wn.2d 193, 660 P. 2d 271 (1983). David Nold is a non-debtor, and the stay should not protect him from proceeding with the appeal

of the contempt order against him. The Court should lift the bankruptcy stay with respect to the above-referenced appeal.

**B.      The Debtor Has No Equity In The Judgment Against David Nold**

Title 11 U.S.C. § 362(d)(2)(A) provides that the Court shall grant relief from the stay against property when the debtor does not have an equity in such property. In this case, the property is the attorneys' fees judgment against David Nold entered by the King County Superior Court as a result of the contempt order against him. Prior to this bankruptcy petition, Global Baristas assigned the judgment to Osborn Machler. Osborn Machler now has the only equity interest in the judgment against David Nold.

**C.      Civil Contempt Actions Are Not Stayed**

The government regulatory exemption of § 362(b)(4) provides that the filing of a petition for bankruptcy does not stay "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." 11 U.S.C. § 362(b)(4) (Supp. 2000). This exemption "prevents the bankruptcy court from becoming a haven for wrongdoers." *Berg v. Good Samaritan Hosp. (In re Berg)*, 230 F.3d 1165, 1167-68 (9th Cir. 2000), citing *O'Brien v. Fischel,* 74 B.R. 546, 550 (D. Haw. 1987).

Contempt proceedings against a non-debtor, and even contempt proceedings against a debtor, are not barred by the automatic stay when the government regulatory exemption applies. *In re Dingley*, 852 F.3d 1143, 1147-48 (9th Cir. 2017) ("Civil contempt proceedings are exempted from the automatic stay under the government regulatory exemption when the proceedings are intended to effectuate the court's public policy interest in deterring litigation misconduct.") *See also Berg v. Good Samaritan Hosp. (In re Berg)*, 230 F.3d 1165, 1166 (9th Cir. 2000) (holding that federal appellate court's "award of sanctions falls under the 'government

regulatory power' exemption of § 364(b)(4)"); *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999)("Thus the statutory stay of proceedings as to Nu-Kote did not free Nu-Kote of the contempt orders and the injunctions upon which the contempt was based, all of which were entered before Nu-Kote suggested bankruptcy."); *Supporters to Oppose Pollution, Inc. v. Heritage Grp.*, 973 F.2d 1320, 1328 (7th Cir. 1992) ("Contempt proceedings against non-bankrupt persons obliged to perform the acts spelled out in the injunction are not forbidden by the automatic stay.")

Thus, under well settled law, Nold, a nondebtor, who has been held in contempt by a Superior Court judge in King County, and who was ordered to pay sanctions in the form of Osborn Machler's attorney's fees for his actions of contempt, should not find a haven for his wrongdoing in the bankruptcy court. The court should grant this motion for relief from stay.

As the *Berg* court poignantly noted: "A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy." *In re Berg*, 230 F.3d at 1167-68 (9th Cir. 2000). In the present case, an attorney should not be allowed to delay payment of the contempt sanctions entered against him by persuading his friends to file an involuntary bankruptcy petition. Allowing him to do so would not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation. *Id.*

It is easy to see through this charade: the same parties in a coordinated effort, for Nold's sole benefit, attempt to delay the disposition of sanctions ordered against a non-litigant and non-bankrupt third party. Yet, the sentiments expressed by the *Berg* court still ring true. The automatic stay cannot be used by Nold to avoid the district court's contempt order and sanction in the form of the award of attorney's fees. To rule otherwise would be to eviscerate the governmental regulatory exemption found in 11 U.S.C. § 362(b)(4) and create incentives for

unprofessional conduct in litigation by firms or individuals.

**D.      The Court Should Prevent An Abuse Of Process**

It is clear from the facts that Nold has engaged in an abuse of process of, not just this Court, but the Superior Court and the Washington Court of Appeals. Nold was sanctioned in 2016 for his abusive discovery tactics against Global Baristas. His conduct in the supplemental proceedings against Global Baristas was such that the Superior Court judge entered a protective order against him. By December, 2017, his client, Bellevue Square, had received full payment for everything owed to them from Global Baristas. Yet, in March, 2018, Nold could not stop himself from violating the Superior Court's protective order by turning over protected information to the Seattle Times.

When faced with the deadline of paying the court-awarded attorneys' fees for his conduct, Nold filed an interpleader action, using his cohort, Elizabeth Eno, as an excuse. When faced with Osborn Machler obtaining a judgment against him, he filed the appeal. When required by the Court of Appeals to answer Osborn Machler's motion to substitute itself for Global Baristas, he rounded up cohorts, Elizabeth Eno and Benenson Bellevue II, LC, to file this involuntary petition and filed an automatic stay of the appeal of the contempt order against him. He has now made this Court his latest playground, and will no doubt allege that the assignment of the judgment to Osborn Machler was a preference under §547. This will deprive Osborn Machler of it standing in the Court of Appeals on the appeal of David Nold's contempt. The Court should prevent this abuse of process, as provided in Title 11 U.S.C. § 105.

**E.      There Is Lack Of Adequate Protection For Osborn Machler's Interest**

Title 11 U.S.C. § 362(d)(1) requires that the Court grant relief from the stay for cause, including lack of adequate protection of an interest in property of such party in interest. § 361

allows the Court to grant such other relief as will result in the realization of the requesting entity of the indubitable equivalent of the such entity's interest in the property. *In re Timbers of Inwood Forest Associates,* 793 F.2D 1380, 1387-88 (5th Cir. 1986). The Court should grant relief from the stay so that Osborn Machler can realize its interest in the judgment against David Nold.

In the present case, Osborn Machler earned attorneys' fees for bringing the successful contempt motion, and Nold was ordered by the court to pay those fees. The Superior Court entered the judgment with Global Baristas as judgment creditor. Subsequently, Global Baristas assigned the judgment to Osborn Machler, because this was the agreement between Global Baristas and Osborn Machler that Osborn Machler would be paid with the court-awarded fees. This bankruptcy filing is Nold's latest attempt to avoid payment: first, he filed the interpleader; second, he filed the appeal; and now, he rounded up the usual suspects, Benenson and Elizabeth Eno, to file this involuntary bankruptcy. The Court should see this latest ruse for what it is, an abuse of the bankruptcy process, and grant relief from the stay.

### III.   CONCLUSION

The Court should grant the motion for relief from the stay. David A. Nold's latest attempt to avoid such a ruling, and paying sanctions under the terms of the contempt order entered against Nold by filing in *yet another action in another court*—is unsupported by the controlling legal authority. Contempt proceedings against a non-debtor such as Nold are exempt from the automatic stay under the 'government regulatory power' exemption of 11 U.S.C § 364(b)(4). Therefore, this court should grant Global's motion to lift the stay.

Dated 11/30/18

Moving Party,

*[signature]*

Susan Machler, WSBA #23256
Osborn Machler
2025 First Avenue, Suite 1200
Seattle, WA 98121